IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ALECIA T. CYPRIAN, | ) |
| | ) |
|     Plaintiff, | ) |
| v. | )   CASE NO. 2:10-cv-226-MEF |
| | ) |
| AUBURN UNIVERSITY, MONTGOMERY, *et al.*, | )   (WO—Do Not Publish) |
| | ) |
| | ) |
|     Defendants. | ) |

## **MEMORANDUM OPINION AND ORDER**

This cause is before the Court on the defendants' Motion to Dismiss (Doc. # 10), filed on April 9, 2010. For the following reasons, the motion is due to be granted.

On March 13, 2010, the plaintiff, Alecia T. Cyprian ("Cyprian"), filed a civil complaint against two defendants: her former employer, Auburn University Montgomery, and her former supervisor, Katherine A. Jackson. The complaint alleges that the defendants violated federal anti-discrimination laws by subjecting Cyprian to a racially hostile work environment (Count One) and by firing her because of her race (Count Two) and in retaliation for her complaints about the racial hostility of the work environment (Count Three).

The defendants now argue that Cyprian's complaint is inadequate under the pleading standard set out in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007),

and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009).  Under *Twombly* and *Iqbal*, to survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain enough factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1950 (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  A complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 559.

  The Court agrees that Cyprian's complaint does not satisfy the *Twombly*–*Iqbal* pleading standard.  It contains almost no factual content: it does not specifically explain how the work environment was racially hostile to Cyprian, nor does it proffer any facts to support a plausible claim that the defendants fired Cyprian because of her race or because of her complaints about the racial hostility of the work environment.  As the Supreme Court's rulings in *Twombly* and *Iqbal* make clear, Cyprian's bald assertions are not enough.  She must go beyond her "unadorned, the-defendant-unlawfully-harmed-me accusation[s]," 129 S. Ct. at 1950, and assert plausible claims supported by sufficient facts.

Therefore, it is hereby

ORDERED that the defendants' Motion to Dismiss (Doc. # 10) is GRANTED. This Court will dismiss Cyprian's case unless she files an amended complaint consistent with this Memorandum Opinion and Order on or before May 25, 2010.

DONE this the 10th day of May, 2010.

                                                 /s/ Mark E. Fuller
                                  CHIEF UNITED STATES DISTRICT JUDGE