IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ALECIA T. CYPRIAN, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) CASE NO. 2:10-cv-226-MEF |
| | ) |
| AUBURN UNIVERSITY MONTGOMERY, *et al.*, | ) (WO—Do Not Publish) |
| | ) |
| Defendants. | ) |

# **MEMORANDUM OPINION AND ORDER**

The plaintiff has sued her former employer, Auburn University Montgomery ("AUM"), and former supervisor, Katherine A. Jackson ("Jackson"), alleging race discrimination, racial harassment, and retaliation, all in violation of Title VII of the Civil Rights Act of 1963 ("Title VII") and 42 U.S.C. § 1981. The plaintiff has also alleged the state-law tort of negligent or wanton supervision.

On June 4, 2010, the defendants filed two motions: (1) a motion to dismiss Jackson as a defendant, and (2) a motion to dismiss Count IV (the state-law tort claim) against all of the defendants. (*See* Doc. # 17.) For the following reasons, the motion to dismiss Jackson as a defendant will be denied, and the motion to dismiss Count IV will be granted.

### I. Motion to Dismiss Jackson

The defendants argue that Jackson is not a proper defendant because, as the plaintiff's supervisor, she was not the plaintiff's "employer" as that term is defined by Title VII. *See Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991) ("The relief granted under Title VII is against the *employer*, not individual employees whose actions would constitute a violation of the Act."). The plaintiff disagrees; she argues that Jackson may be held liable under Title VII because she was a third-party agent of AUM with regard to the plaintiff's employment. *See Williams v. City of Montgomery*, 742 F.2d 586, 588–89 (11th Cir. 1984) ("Where the employer has delegated control of some of the employer's traditional rights, such as hiring or firing, to a third party, the third party has been found to be an 'employer' by virtue of the agency relationship.").

Upon a motion to dismiss, a court is bound by the factual allegations in the complaint; it must take the factual allegations as true and construe them in the light most favorable to the plaintiff. *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009). Paragraph 10 of the plaintiff's Amended Complaint states that "Defendant Jackson, who serves as Vice-Chancellor for Outreach, a separate entity in the private sector, became Interim Chief Operating Officer of AUM, in or around July 2008." (Doc. # 15 at 3.) The complaint then catalogues

the allegedly discriminatory acts taken by Jackson with regard to the plaintiff's employment while Jackson was both Vice-Chancellor for Outreach and Interim Chief Operating Officer of AUM. These allegations, taken as true and construed in the light most favorable to the plaintiff, are sufficient to raise a plausible claim that Jackson should be held liable as a third-party agent for acts she took within the scope of her employment as Vice-Chancellor for Outreach. Therefore, the Court will deny the motion to dismiss Jackson as a defendant.[1]

## II. Motion to Dismiss Count IV

The defendants argue that Count IV, the state-law tort claim, is barred by the doctrine of sovereign immunity. The plaintiff concedes that dismissal is appropriate. (*See* Doc. # 23 at 5.) Therefore, the Court will grant the motion to dismiss Count IV.

## ORDER

Accordingly, it is hereby ORDERED as follows:

1. The defendants' motion to dismiss Jackson as a defendant (*see* Doc. # 17), filed on June 4, 2010, is DENIED.

2. The defendants' motion to dismiss Count IV (*see* Doc. # 17), filed on

---

[1] Whether Outreach is, in fact, a separate legal entity from AUM is a question of fact that is best resolved on summary judgment or at trial.

June 4, 2010, is GRANTED.

      3.      The defendants' related motion to strike (Doc. # 25), filed on June 24, 2010, is DENIED as MOOT.

DONE this the 6th day of July, 2010.

                                  /s/ Mark E. Fuller
                         CHIEF UNITED STATES DISTRICT JUDGE